ORIGINAL

# United States Court of Federal Claims
No. 18-787 C
Filed: June 14, 2018

| | |
|---|---|
| CHARLES BENJAMIN SANDFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. )<br>) | **FILED**<br>JUN 14 2018<br>U.S. COURT OF<br>FEDERAL CLAIMS |

## ORDER

On May 31 2018, plaintiff, proceeding *pro se*, filed a complaint seeking damages caused by various alleged offenses committed by state and local officials. In his Complaint, plaintiff alleges, *inter alia*, that New Jersey law enforcement officials harassed, kidnapped, and defrauded him, trespassed on and unlawfully searched his automobile, and caused him emotional distress. Complaint (hereinafter "Compl.") at 2, 3. In addition to his Complaint, plaintiff has filed a motion to proceed *in forma pauperis*.

This Court's authority to hear cases is primarily defined by the Tucker Act, which grants this Court subject-matter jurisdiction over claims against the United States of America that are founded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). The Rules of the Court of Federal Claims ("RCFC") state that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). Pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, "[d]espite this permissive standard, a *pro se* plaintiff must still satisfy the [C]ourt's jurisdictional requirements" for the Court to entertain plaintiff's claims. *See Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013) (referencing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004) ("This latitude . . . does not relieve a *pro se* plaintiff from meeting jurisdictional requirements.") (emphasis added)). *Pro se* or not, each plaintiff carries the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Upon *sua sponte* review, this Court finds that plaintiff's allegations are tortious in nature. Further, plaintiff's complaint pertains to the State of New Jersey, and officials working on behalf of or employed by the State of New Jersey or its municipalities. Compl. at 2, 3. The Court has no jurisdiction over state actions, state officials, or private citizens. 28 U.S.C. § 1491(a)(1). This Court's sole jurisdiction is over the United States of America and actions taken by federal officials generally concerning money or its equivalents in property. *Id.* Pursuant to 28 U.S.C. §

7017 1450 0000 1346 2151

1491(a)(1), plaintiff's complaint does not give rise to any cause of action for which this Court has subject-matter jurisdiction. Thus, this Court has no authority to decide plaintiff's case, and must dismiss the complaint pursuant to RCFC 12(h)(3).

For good cause shown, plaintiff's application to proceed *in forma pauperis* is **GRANTED**. For the reasons set forth above, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of subject-matter jurisdiction. The Clerk of Court is hereby directed to enter judgment consistent with this Opinion.

**IT IS SO ORDERED.**

Loren A. Smith
Senior Judge